Nebraska Supreme Court Online Library
www.nebraska.gov/apps-courts-epub/
08/07/2026 08:10 AM CDT

Jane E. Morris and Steven L. Morris, wife and
husband, appellants, v. Karen E. Dall,
individually and as Successor Trustee
of the Schindler Family
Trust, appellees.

___ N.W.3d ___

Filed August 7, 2026.    No. S-25-124.

1. **Contracts: Deeds.** Deeds are contracts.
2. **Contracts: Judgments: Appeal and Error.** The meaning of a contract is a question of law, in connection with which an appellate court has an obligation to reach its conclusions independently of the determinations made by the court below.
3. **Breach of Contract: Damages.** A suit for damages arising from a breach of contract presents an action at law.
4. **Judgments: Appeal and Error.** In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong.
5. **Title: Conveyances: Warranty: Costs: Words and Phrases.** The covenant of warranty is the principal title covenant, being an agreement by the grantor or warrantor that upon the failure of the title that the deed purports to convey he or she will make compensation in money for the loss sustained.
6. **Title: Conveyances: Warranty.** In the typical wording of a covenant of warranty, the grantor covenants to warrant and defend the title conveyed by the deed against the lawful claims which may be asserted against it by third persons. In covenants of warranty in deeds, the word "defend" means to protect, to maintain or keep secure, to guaranty, to agree to indemnify.
7. **Actions: Title: Conveyances: Warranty.** A cause of action on a covenant of warranty does not accrue until the eviction or surrender by reason of a paramount title.

8. **Title: Words and Phrases.** A paramount title is one that prevails in an action or is successfully asserted.
9. **Conveyances: Warranty: Costs.** The covenant of warranty affords protection against future losses.
10. **Real Estate: Title: Conveyances: Costs.** A grantee that has succeeded in establishing its title against one without a valid claim to the premises may not recover from a grantor the expenses of the lawsuit, because the adverse claim of the third party does not constitute a breach of the covenants by the grantor.

Appeal from the District Court for Douglas County: Katie L. Benson, Judge. Affirmed.

Nicholas F. Sullivan, Ellen P. Prochaska, and Christian D. Rush, of Dvorak Law Group, L.L.C. for appellants.

Jerome J. Ortman for appellees.

Funke, C.J., Cassel, Stacy, Papik, Freudenberg, Bergevin, and Vaughn, JJ.

Bergevin, J.

## INTRODUCTION

Jane E. Morris and Steven L. Morris appeal from the district court's judgment after a stipulated bench trial. The Morrises alleged a breach of a covenant or duty to defend title under a warranty deed from the Schindler Family Trust (Trust), executed by Karen E. Dall as the successor trustee. The primary issue on appeal is whether, under the warranty deed, the Morrises can be reimbursed for the attorney fees related to the successful defense of their title in a separate action. We conclude that they cannot be reimbursed and affirm the judgment of the district court.

## BACKGROUND

The Trust sold and conveyed two parcels to the Morrises by warranty deed. The warranty provided in relevant part that "Grantor(s) [(Trust)] hereby covenants with the Grantee(s) [(Morrises)] . . . that Grantor(s) warrants and will defend

the title to said premises against the lawful claims of all persons whomsoever." After the conveyance, the Morrises surveyed the property and moved fence lines to match the legal descriptions set forth in the warranty deed.

## Third-Party Action

Thereafter, a third party brought suit against the Morrises seeking to quiet title to disputed portions of the two parcels under a theory of adverse possession. The Morrises presented Dall and the Trust with the action and sought to invoke the Trust's purported duty to defend against the action under the warranty deed. Dall and the Trust refused to do so.

In the third-party action, the Morrises moved for partial summary judgment—the particular grounds of which are not in the appellate record. The record shows that by the time of the motion for summary judgment, the third party was self-represented and failed to comply with the summary judgment procedures. The district court granted the summary judgment motion and quieted title in the Morrises.

The action proceeded on the Morrises' counterclaims for slander and attorney fees on the grounds that the adverse possession claim was frivolous or made in bad faith. The court ultimately denied both claims. Relevant here, in its written judgment, the court stated:

> [The third party] had been in possession of the real estate for nearly 50 years. He testified that he respected the established boundary for 45 years. He told of government maps that he had looked at that showed the old fence in its place as far back as 1939; 84 years ago. He certainly had a colorable claim for adverse possession; his shortcoming was a lack of legal training and education to prosecute his claim.

## Instant Action

After their successful defense of title, the Morrises brought this action against Dall and the Trust and prayed for reimbursement of the attorney fees incurred in defending against

the third-party claim. The Morrises alleged that Dall and the Trust's refusal to defend against the claim was an anticipatory repudiation and breach of the warranty deed.

At the stipulated trial, the court received evidence in conformance with the above-mentioned facts. Thereafter, the parties submitted closing argument briefs.

In its written judgment, styled as an order, the district court concluded that Nebraska law holds that the covenant of warranty must be breached by an unsuccessful defense of title for attorney fees to be compensable under a warranty deed.

> The law in Nebraska provides that a grantee who has succeeded in establishing title against one without a valid claim to the premises may not recover expenses of the lawsuit from the grantor because the adverse claim of the third party does not constitute a breach of the covenant of warranty by the grantor.

Because the Morrises successfully defended against the third-party adverse possession claim, the court concluded that their claim for reimbursement failed.

The Morrises filed a timely appeal. We moved this appeal to our docket on our own motion.[1]

## ASSIGNMENTS OF ERROR

The Morrises assign, restated, that the district court erred in (1) concluding that Dall and the Trust did not have a duty to defend against the third-party claim, (2) finding that Dall and the Trust did not breach the warranty deed by failing to defend against the third-party claim, and (3) failing to find Dall personally liable.

## STANDARD OF REVIEW

[1-4] Deeds are contracts.[2] The meaning of a contract is a question of law, in connection with which an appellate court

---

[1] See Neb. Rev. Stat. § 24-1106(3) (Cum. Supp. 2024); Neb. Ct. R. App. P. § 2-102(C) (rev. 2022).

[2] *Aynes v. Bantz*, 114 Neb. 226, 206 N.W. 754 (1925).

has an obligation to reach its conclusions independently of the determinations made by the court below.[3] A suit for damages arising from a breach of contract presents an action at law.[4] In a bench trial of a law action, a trial court's factual findings have the effect of a jury verdict and will not be set aside on appeal unless clearly wrong.[5]

## ANALYSIS

There is a single dispositive issue presented in this appeal: whether the warranty deed created a duty to defend title separate from the covenant of warranty. As mentioned above, the warranty deed provided: "[The Trust] warrants *and will defend the title* to said premises against the lawful claims of all persons whomsoever." (Emphasis supplied.)

The parties agree that Nebraska law recognizes a bright-line rule under the covenant of warranty set forth in *Omega Chemical Co. v. Rogers*.[6] That case holds that a grantee that has succeeded in establishing its title against one without a valid claim to the premises may not recover from a grantor the expenses of the lawsuit, because the adverse claim of the third party does not constitute a breach of the covenants by the grantor.[7] However, the Morrises argue that the plain language of the deed requires that we recognize an exception to the rule set forth in *Omega Chemical Co. v. Rogers*. In support, the Morrises point to an opinion of the Iowa Supreme Court, *Kendall v. Lowther*.[8] We first discuss these two cases before turning to the Morrises' specific arguments in support of their position.

---

[3] *In re Estate of Knapp, ante* p. 155, 33 N.W.3d 250 (2026).

[4] *Morris v. Dall*, 320 Neb. 122, 26 N.W.3d 304 (2025).

[5] *Id*.

[6] *Omega Chemical Co. v. Rogers*, 246 Neb. 935, 524 N.W.2d 330 (1994).

[7] *Id*.

[8] *Kendall v. Lowther*, 356 N.W.2d 181 (Iowa 1984).

In *Omega Chemical Co. v. Rogers*, a grantee discovered a private sewerline, not of record, on its property. The grantee demanded that the grantor defend the title, categorizing the sewerline as an encumbrance. After the demand was refused, the grantee brought suit against the grantor for the "'diminished value of said property by reason of said sewer line.'"[9] While pending, the grantee brought a quiet title action against a number of defendants with nearby real properties. In that action, the defendants ultimately filed disclaimers, resolving any title dispute.

On appeal in the grantee's action against the grantor, this court found that there was no breach of the covenant of warranty because the grantee admitted in discovery that there had been no hostile assertion by a paramount titleholder, which was necessary to create a breach of the covenant of warranty. This court also rejected the grantee's argument that the grantor was "obligated to obtain a determination that the sewerline was not rightfully on the property," instead of the grantee's being put to the expense of litigating the quiet title action.[10] This court concluded that because the grantee admitted that no person or entity had a legal right to construct or maintain the sewerline, the grantor had "no duty to either defend or indemnify."[11]

In reaching that conclusion, this court set forth the following:

[The grantors], in the warranty deed conveying the property to [the grantee], covenanted that they would "defend the title to said premises against the *lawful* claims of all persons whomsoever." (Emphasis supplied.) [A] grantee that has succeeded in establishing its title against one without a valid claim to the premises may not recover

---

[9] *Omega Chemical Co. v. Rogers, supra* note 6, 246 Neb. at 938, 524 N.W.2d at 333.

[10] *Id*. at 944, 524 N.W.2d at 336.

[11] *Id*.

from a grantor the expenses of the lawsuit, because the adverse claim of the third party does not constitute a breach of the covenants by the grantor.[12]

Under *Omega Chemical Co. v. Rogers*, the reimbursement of the grantee's attorney fees for an action challenging the grantee's title is unavailable unless the grantee's defense is unsuccessful and the covenant of warranty is breached.

*Kendall v. Lowther* was a quiet title action before the Iowa Supreme Court involving a "land survey gone awry," in which two grantees were "embattled" in the action.[13] Relevant to the Morrises' argument, the court recognized that, ordinarily, a grantee cannot recover for breach of a covenant of warranty when the grantee has successfully defended the title. "But this case ha[d] exceptional facts."[14] One of the grantees

suffered no loss of property as a result of the decree, [but] they were forced to defend their title against the [other grantee's] quiet title action[, which] presented *a tenable, albeit unsuccessful, claim* to a portion of the property [and] was based on a superior legal title. Only by virtue of the lawsuit and decree was the [grantee's] equitable title found to be paramount to the [other grantee's] legal title.[15]

Notably, that case arose from the negligence of the parties' common grantor.

The Morrises argue that we should similarly recognize that attorney fees are recoverable whenever the grantee must defend against tenable claims based on superior legal title, even if those claims are ultimately unsuccessful. They contend that doing so gives effect to the language "will defend the title" in the deed. The Morrises assert that this language imposed an

---

[12] *Id.*

[13] *Kendall v. Lowther, supra* note 8, 356 N.W.2d at 183.

[14] *Id.* at 190.

[15] *Id.* (emphasis supplied).

affirmative duty on the trust to defend against the suit by the third party. The Morrises classify such a holding as an exception to the rule. In our view, the Morrises are requesting a change to the rule and a reinterpretation of the phrase "warrant and defend." We see no reason to change our precedent.

[5,6] The covenant of warranty is "[t]he principal title covenant, being an agreement by the grantor or warrantor that upon the failure of the title that the deed purports to convey . . . he [or she] will make compensation in money for the loss sustained."[16] "In the typical wording of a covenant of warranty, the grantor covenants to *warrant and defend* the title conveyed by the deed against the lawful claims which may be asserted against it by third persons."[17] In covenants of warranty in deeds, the word "defend" means "[t]o protect, . . . to maintain or keep secure, to guaranty, to agree to indemnify."[18] Such has long been the case in Nebraska.[19]

The phrase "warrant and defend" can be considered a legal doublet, where the words are close synonyms of one another and do not provide additional meaning.[20] Other legal doublets include "aid and abet," "free and clear," and "part and parcel."[21] As one commentator has stated:

---

[16] Ballentine's Law Dictionary 286 (3d ed. 1969).

[17] 20 Am. Jur. 2d, *Covenants, Etc.* § 58 at 634 (2015) (emphasis supplied). See Black's Law Dictionary 1757 (4th ed. 1951) (the word "warranty" is defined as "[a] real covenant by the grantor of lands . . . to *warrant and defend* the title and possession of the estate granted, to the grantee and his heirs") (emphasis supplied). See, also, 20 Am. Jur. 2d, *supra* note 17, § 54 at 630 ("usual covenants of title [include] the covenant to *warrant and defend* the title") (emphasis supplied).

[18] Black's Law Dictionary 507 (4th ed. 1951).

[19] See, e.g., *Brooks v. Kimball County*, 127 Neb. 645, 256 N.W. 501 (1934); *Campbell v. Gallentine*, 115 Neb. 789, 215 N.W. 111 (1927); *Webb v. Wheeler*, 80 Neb. 438, 114 N.W. 636 (1908); *Cheney v. Straube*, 35 Neb. 521, 53 N.W. 479 (1892).

[20] See Bryan A. Garner, The Redbook: A Manual on Legal Style § 11.2 (3d ed. 2013).

[21] *Id*. at 224, 225.

> The doublet and triplet phrasing common in Middle English still survives in legal writing . . . . That's probably the worst possible soil for it to grow in because those who interpret legal writing are impelled to strain for distinctions so that no word is rendered surplusage. Yet that is exactly what all but one word (and often *any* one word) [does in doublets and triplets].[22]

In effect, the synonymatic phrase has a single meaning, instead of each individual synonym having its own distinct meaning.

The Morrises ask us to find a distinctive meaning by parsing a phrase that has been used as a doublet for well over 100 years.[23] We decline their invitation to do so.

[7,8] Finally, we have long recognized that attorney fees are a proper damage for a breach of the covenant of warranty.[24] But a cause of action on a covenant of warranty does not accrue until the eviction or surrender by reason of a paramount title.[25] A paramount title is one that prevails in an action or is successfully asserted.[26]

> [A] covenant of warranty of title does not extend to apparent but unfounded titles in the land, but only against hostile titles, superior in fact to that of the grantor. A warranty deed requiring the grantor to defend the title against people lawfully claiming the land refers to a successful

---

[22] *Id.* at 224. See, also, Antonin Scalia & Bryan A. Garner, Reading Law: The Interpretation of Legal Texts 176 (2012) ("[s]ometimes drafters *do* repeat themselves and *do* include words that add nothing of substance").

[23] See, e.g., *Brooks v. Kimball County, supra* note 19; *Campbell v. Gallentine, supra* note 19; *Webb v. Wheeler, supra* note 19; *Cheney v. Straube, supra* note 19.

[24] See, e.g., *Pauley v. Knouse*, 109 Neb. 716, 192 N.W. 195 (1923); *Walton v. Campbell*, 51 Neb. 788, 71 N.W. 737 (1897).

[25] See, e.g., *Omega Chemical Co. v. Rogers, supra* note 6; *Cheney v. Straube, supra* note 19. See, also, Neb. Rev. Stat. § 76-207 (Reissue 2018) (covenant breached by actual or constructive eviction).

[26] See *Omega Chemical Co. v. Rogers, supra* note 6.

claim, and a grantor's duty to defend extends only to claims which are ultimately successful.[27]
A covenant of warranty is not violated by the existence of an outstanding, but unfounded, claim upon the property.[28]

[L]andowners who successfully defend against a quiet title action cannot recover expenses from the grantors for defending the title. In such a case, the covenant of warranty that bound the grantors to defend was not breached, as the landowners prevailed. When a claim of paramount title to property has been defeated, the grantee cannot show eviction, and the grantor has not breached the covenant of warranty.[29]

[9,10] "The covenant of warranty affords protection against future losses. A breach of this covenant occurs when, and only when, the grantee suffers an eviction under a paramount title."[30] A grantee that has succeeded in establishing its title against one without a valid claim to the premises may not recover from a grantor the expenses of the lawsuit, because the adverse claim of the third party does not constitute a breach of the covenants by the grantor.[31]

The Morrises never suffered such an eviction or surrender. Therefore, their action for attorney fees for a breach of the covenant of warranty fails as a matter of law. Likewise, because

[27] 20 Am. Jur. 2d, *supra* note 17, § 66 at 641.

[28] *Omega Chemical Co. v. Rogers, supra* note 6.

[29] 20 Am. Jur. 2d, *supra* note 17, § 66 at 641. See, also, 21 C.J.S. *Covenants* § 22 at 379 (2016) ("nature and purpose of a covenant of general warranty is for the indemnity of the purchaser[;] the obligation of providing monetary indemnity applies only to loss sustained by a failure in the warrantor's title).

[30] 14 Richard R. Powell, Powell on Real Property § 81A.06[2][d][iv] at 81A-124 (Michael Allan Wolf ed., 2012). See, *Omega Chemical Co. v. Rogers, supra* note 6; *Grand Island Hotel Corp. v. Second Island Development Co.*, 191 Neb. 98, 214 N.W.2d 253 (1974).

[31] *Omega Chemical Co. v. Rogers, supra* note 6.

the covenant of warranty was not breached, Dall cannot be held individually liable for such nonexistent breach.

## CONCLUSION

The covenant of warranty imposed no separate duty upon the Trust or Dall to defend against the third-party claim. Additionally, because the Morrises did not suffer an eviction, actual or constructive, there was no breach of the covenant of warranty, and neither the Trust nor Dall is liable. Hence, we affirm the judgment of the district court.

Affirmed.